**Lillian B. LILES**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. No. K–74–141.**

United States District Court,
D. Maryland.

Dec. 31, 1974.

Harold Posner, Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., John Sheldon, Asst. U. S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Plaintiff, a lady in her middle 40's, seeks review of the Secretary's decision denying plaintiff's claim for Social Security disability benefits. The Administrative Judge, J. Robert Brown, found on December 12, 1973 (Tr. 9) that plaintiff's orthopedic (shoulder and knee) and related problems, and pain and partial incapacity in connection therewith, did not preclude plaintiff from "participating in light and sedentary work which does not require constant elevation of the right shoulder" and that "there are job opportunities which are available" to the plaintiff "in the region in which she lives consistent

with light work similar to that which she previously performed as a lab attendant."

If a claimant such as plaintiff herein establishes an inability to return to the claimant's former job, then the Secretary has the burden to come forward with proof to show that other substantial gainful employment, which plaintiff is capable of performing, exists in the national economy. Meneses v. Secretary, 143 U.S.App.D.C. 81, 442 F.2d 803 (1971); *see* Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967).

In this case the treating doctor, Dr. Simon H. Carter, a general practitioner, has expressed the opinion that plaintiff "is no longer able to hold down her former job as a laboratory attendant at Johns Hopkins Hospital, and because of the difficulty she is having with her right arm, she is precluded from obtaining employment in other occupations" (Tr. 99). On the other hand, an orthopedic specialist, Dr. Jesse N. Borden, after examining plaintiff, concluded that the latter "could engage in light activities" (Tr. 101).[1]

There is evidence in the record that other medical opinion is more in accord with Dr. Borden than with Dr. Carter. There is also evidence in the record that plaintiff has refused the further surgery which has been diagnosed as advisable. But there is no evidence in the record that plaintiff was able to continue in her former job as a laboratory attendant at the Johns Hopkins Hospital after surgery was performed on her right shoulder. At most there is evidence that plaintiff was considered for, but was not engaged for, employment at the Johns Hopkins Hospital other than work she had been performing before that surgery (Tr. 44). While the record is very sparse in that latter regard, it does contain plaintiff's unchallenged testimony that she could not continue her former work (Tr. 43). As to Dr. Borden's opinion, he concluded only that plaintiff "could engage in light activities". Whether the latter, on the one hand, include the work plaintiff was previously performing as a lab attendant, or, on the other hand, include more or less than the work in her own household which plaintiff testified she was performing at the time of the hearing before the Administrative Law Judge, that is, making the bed, "light dusting" and light cooking (Tr. 35, 38–39), and excluding any heavy cleaning, is not clear. Further, the Administrative Law Judge has not specified what type of work he considers is available to plaintiff. The Secretary contends that that latter failure is of no legal consequence because plaintiff has not borne the burden of proving her own inability to return to her former job. But plaintiff, as indicated above, has testified to that inability and there is neither any challenge to, nor finding by the Administrative Law Judge rejecting, her credibility in that regard.

Accordingly, in this case, a remand is required in order to give plaintiff the opportunity to establish that she was not permitted by the Johns Hopkins Hospital as her employer, and/or was unable, to resume her employment in the lab, and if plaintiff so establishes, to give the Government the opportunity to establish that plaintiff could perform other gainful work. Therefore, it is hereby ordered that the within case be

---

1. Plaintiff complains because plaintiff was not sent by the Administrative Judge, for examination, to a United States Public Health Service Hospital, rather than to Dr. Borden, whom plaintiff's attorney characterizes as "defense-oriented". (Plaintiff's Reply Memorandum filed August 29, 1974). Dr. Borden's qualifications are set forth in the record (Tr. 103) and speak for themselves. The Administrative Judge explained carefully to plaintiff's attorney during the evidentiary administrative hearing why he would select an orthopedic specialist and why he could not utilize a Public Health Service Hospital (Tr. 45–48). At the conclusion of the colloquy between the Judge and plaintiff's attorney, the latter seemingly concurred in the procedure followed by the Judge (Tr. 48). In any event the procedures followed by the Judge were appropriate. Additionally, it is clear that Dr. Borden's expertise has been well established in the record.

remanded to the Secretary for further administrative proceedings in accordance with this opinion. Upon remand the parties may in their discretion determine what further factual investigation should take place, including, *inter alia,* investigation relating to the termination of plaintiff's employment at the Johns Hopkins Hospital, the medical condition of plaintiff, the medical prognosis as to plaintiff's employability if she submits to further surgery, and the existence of other appropriate employment.